<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 22, 2024

Adekunle Kuku
691 South 18th Street
Newark, NJ 07103
*Pro se Plaintiff*

Dana L. Paolillo
New Jersey Office of the Attorney General
25 Market Street, P.O. Box 112
Trenton, NJ 08625
*Counsel for Defendants David Katz, Audrey Bohler, Chiaka Ofuya, and Kartra Charlemagne*

Daquan Edward Brown
Essex County Counsel
Hall of Records
465 Dr. Martin Luther King Jr. Blvd., Ste. 535
Newark, NJ 07102
*Counsel for Defendants Officer B. Johnson and Officer De La Cruz*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:**   *Kuku v. Bohler, et. al*,
        **Civil Action No. 24-5694 (SDW) (JBC)**

Litigants:

Before this Court are two motions to dismiss Plaintiff Adekunle Kuku's Complaint (D.E. 1 ("Complaint")). The first motion to dismiss was filed by Defendants David Katz, Audrey Bohler, Chiaka Ofuya, and Kartra Charlemagne (the "Non-Officer Defendants") (D.E. 13), and the second motion to dismiss was filed by Defendants Officer B. Johnson and Officer De La Cruz (the "Officer Defendants"). (D.E. 14.) Also pending before this Court are Plaintiff's Motion to Remand (D.E. 16) and Motion to Amend the Complaint to add additional defendants. (D.E. 26.) For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED**, Plaintiff's Motion to Remand and Motion to Amend the Complaint are **DENIED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

**BACKGROUND & PROCEDURAL HISTORY**

This case arises from Plaintiff's ongoing New Jersey State Family Court Action, *Adekunle Kuku v. Olushola Kuku*, Docket No. ESX-FM-07-1091-16. While the Complaint and accompanying documents are difficult to parse, this Court understands that Plaintiff objects to orders issued in the state court proceeding and alleges specifically that a meeting that occurred on July 11, 2023 violated his constitutional rights. This is the third case that Plaintiff has filed with this Court in which he has sought to affect the proceedings in his family court case.

On April 26, 2024, Plaintiff filed the Complaint. (D.E. 1.) On July 29, 2024, the Non-Officer Defendants moved to dismiss the Complaint. (D.E. 13.) On August 26, 2024, the Officer Defendants moved to dismiss the Complaint. (D.E. 14.) Plaintiff did not oppose either motion, and this Court issued a text order on August 27, 2024 extending Plaintiff's time to oppose. (D.E. 15.) On September 9, 2024, Plaintiff filed the Motion to Remand (D.E. 16), the Non-Officer Defendants opposed on September 20, 2024 (D.E. 18), and Plaintiff replied on September 30, 2024. (D.E. 20.) On September 27, 2024, Plaintiff opposed the motions to dismiss (D.E. 21) and filed a motion to amend the complaint. (D.E. 22.) On October 3, 2024, Magistrate Judge James B. Clark issued a letter order denying Plaintiff's motion to amend on the grounds that Plaintiff failed to include a proposed amended pleading or supporting brief in violation of Local Civil Rule 15. (D.E. 23.) Plaintiff filed a renewed motion to amend the complaint on October 25, 2024 (D.E. 26), Defendants opposed on November 4, 2024 (D.E. 27), and Plaintiff replied on November 8, 2024. (D.E. 28.)

**DISCUSSION**

A. <u>Rule 12(b)(6)</u>

Defendants move to dismiss the claims against them on several grounds pursuant to Federal Rule of Civil Procedure 12(b)(6). Because each of the defendants are shielded from damages actions by absolute or quasi-judicial immunity, this Court only addresses this basis. *See Constantine v. N.J. Dep't of Banking & Ins.*, 2024 WL 1988829, at *5 (3d Cir. May 6, 2024) ("[D]ismissals for failure to state a claim and on the basis on quasi-judicial immunity are done pursuant to Rule 12(b)(6)."); *see also* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (West 2024) ("The defense of qualified or judicial immunity has also been held to be properly raised via Rule 12(b)(6) rather than Rule 12(b)(1), although one can find courts not being too particular about the distinction.").

Under the long-standing doctrine of judicial immunity, judicial officers are immune from damage suits that arise out of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Similarly, quasi-judicial immunity protects actors closely related to the judicial system, including: "(1) those who make discretionary judgments 'functional[ly] comparab[le]' to judges, . . . (2) those who 'perform a somewhat different function in the trial process but whose participation . . . is equally indispensable,' . . . and (3) those who serve as 'arms of the court,' . . . fulfill[ing] a quasi-judicial role at the court's request." *Russell v. Richardson*, 905 F.3d 239, 247 (3d Cir. 2018) (citations omitted).

Even construing Plaintiff's pro se complaint as broadly as it can, this Court is satisfied that the defendants and allegations fit neatly into the above standard. Clearly, Judge Katz is entitled to judicial immunity for claims related to the cost-of-living adjustment that he imposed on Plaintiff. It is also clear to this Court that the Non-Officer Defendants were acting within the scope of their employment, were attempting to effectuate a court order, and proceeded in accordance with state law. Lastly, the Officer Defendants, who apparently did not do or say anything to Plaintiff, are entitled to quasi-judicial immunity for their very minor role in merely appearing at the July 11, 2023 meeting.

If Plaintiff is unsatisfied with state court rulings against him or believes that certain conduct by judicial employees was improper, the state court system provides mechanisms to redress those concerns, such as by filing a judicial ethics complaint or taking an appeal of an order. What Plaintiff may not do is file cases in federal court against state court officers and employees merely because he disagrees with how his state court case is proceeding. Accordingly, Defendants' motions to dismiss are granted.

B. Motion to Remand

Plaintiff argues that this case should proceed in the Superior Court of New Jersey, Essex County. However, it must be noted that Plaintiff initiated this case in federal court, not state court. Under federal law, the mechanism for "remanding" a case applies only to those cases that were originally filed in state court and later transferred to federal court under the process of removal, pursuant to 28 U.S.C. § 1447. Because this Court is without power to unilaterally transfer or remand the case to state court, Defendant's motion to remand must be denied.

C. Motion to Amend & Dismissal with Prejudice

This Court's final inquiry is whether the dismissal of Plaintiff's claims are with or without prejudice and whether to grant Plaintiff's motion to amend the complaint and add additional defendants. In pro se civil rights actions such as this, "district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Coleman v. Acad. Bus. LLC*, 858 Fed. App'x 584, 585 (3d Cir. 2021) (quoting *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007)); Fed. R. Civ. P. 15(a)(2) ("the court should freely give leave [to amend] when justice so requires."). Ultimately, though, the decision whether to grant or deny a motion for leave to amend rests "within the discretion of the District Court." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (quotations omitted).

Here, in contravention of the Local Civil Rule 15, Plaintiff has not provided a proposed amended pleading. Nonetheless, Plaintiff has indicated that he seeks to add Judge Marcella Matos Wilson and Judge Wilson's secretary, Donna Gruca, as defendants. The above analysis regarding judicial and quasi-judicial immunity applies with equal force to the proposed additional defendants. Further, this Court has already dismissed Plaintiff's prior case against Judge Wilson with prejudice, which acts as an adjudication on the merits and bars Plaintiff from filing additional

cases against Judge Wilson based on the same set of facts, which the amended complaint appears to assert.

Because this Court finds that any amendment, either to alter the allegations or to add additional immunized defendants, would be futile, Plaintiff's motion to amend the complaint is denied and the dismissal of the complaint is with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**, Plaintiff's Motion to Remand and Motion to Amend the Complaint are **DENIED**, and the Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                        */s/ Susan D. Wigenton*
                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     James B. Clark, U.S.M.J.
         Parties